# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WALTON, | 1:10-cv-00330-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DISMISS CASE FOR FAILURE TO PROSECUTE |
| v. | |
| JAMES E. TILTON, et al., | |
| Defendants. | |

Plaintiff Charles Walton ("Plaintiff") is or was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2013, the Court received a returned order that was issued on January 4, 2013. The sixty-three (63) day period for notice of change of address has now expired, and Plaintiff has not filed a notice of change of address or otherwise notified the Court.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Plaintiff was advised of this rule in the Court's First Informational Order. (ECF No. 2 ¶ 11.) Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

1  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
2  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
3  sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779
4  F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not
5  conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA)
6  Prods. Liab. Lit., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

7   In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
8  mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there
9  are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

10  Accordingly, it is hereby RECOMMENDED this action is DISMISSED, without prejudice,
11  based on Plaintiff's failure to prosecute.

12  These findings and recommendations will be submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
14  after being served with these findings and recommendations, Plaintiff may file written objections
15  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
16  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
17  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18  IT IS SO ORDERED.
19  Dated:   **April 10, 2013**

UNITED STATES MAGISTRATE JUDGE